IN THE
UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

_____

NO. 23-1901

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

-vs-

TERRANCE WAYNE VANOCHTEN,
Defendant-Appellant.

_____

**UNOPPOSED MOTION
TO HOLD BRIEFING SCHEDULE IN ABEYANCE**

Terrance Wayne Vanochten, by his undersigned counsel, respectfully moves this Honorable Court to hold the briefing schedule in this matter in abeyance pending a decision by the United States Supreme Court in *United States v. Rahimi*, No. 22-915. The government has no objection to this motion.

1.  Terrance Vanochten received a total sentence of 52 months' imprisonment followed by a term of three years of supervised release after pleading guilty to possession of unregistered destructive devices in violation of 26 U.S.C. § 5861(d).

2.  At sentencing, Mr. Vanochten objected to the determination that he was a "prohibited person" under U.S.S.G. § 2K2.1. Specifically, he argued that 18 U.S.C.

§ 922(g)(3)—which prohibits a person "who is an unlawful user of or addicted to any controlled substance" from possessing a firearm—is unconstitutional as applied to marijuana users. Mr. Vanochten relied on the Supreme Court's decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), as well as the United States Court of Appeals for the Fifth Circuit's decision in *United States v. Daniels*, 77 F.4th 337 (5th Cir. 2023), which held that section 922(g)(3) was unconstitutional after *Bruen*. In *Daniels*, the Fifth Circuit partially relied on its prior interpretation of *Bruen* in *United States v. Rahimi*, 61 F.4th 443, 450 (5th Cir.), *cert. granted*, 143 S. Ct. 2688 (2023).

3. *Rahimi* is now pending certiorari before the Supreme Court. On November 7, 2023, the Court heard argument in that case. A decision in *Rahimi* will be issued no later than June 30, 2024. That decision is likely to be highly instructive in resolving the principal issue raised in the instant appeal, i.e., the proper analysis under *Bruen*. Holding the briefing schedule in this appeal in abeyance pending a decision in *Rahimi* will result in a more efficient use of resources for both the Court and the parties.

4. On February 2, 2024, undersigned counsel sought concurrence in the relief sought by this motion from Assistant United States Attorney Nils Kessler, counsel for the government. Mr. Kessler advised the undersigned that the government has no objection to this motion.

For all of the above reasons, Terrance Wayne Vanochten respectfully requests that this Honorable Court grant his motion and hold the briefing schedule in this matter in abeyance pending a decision by the United States Supreme Court in *United States v. Rahimi*, No. 22-915.

                                                Respectfully submitted,

                                                SHARON A. TUREK
                                                Federal Public Defender

Dated:  February 6, 2024                /s/ Sean R. Tilton
                                                SEAN R. TILTON
                                                Assistant Federal Public Defender
                                                Office of the Federal Public Defender
                                                50 Louis, NW, Suite 300
                                                Grand Rapids, Michigan 49503
                                                (616) 742-7420

## CERTIFICATE OF SERVICE

It is hereby certified that a copy of the attached motion was filed electronically on February 6, 2024, and that a copy was served upon opposing counsel through the Court's electronic filing system.

/s/ Sean R. Tilton
SEAN R. TILTON
Assistant Federal Public Defender
Office of the Federal Public Defender
50 Louis NW, Suite 300
Grand Rapids, Michigan 49503
(616) 742-7420